**CHADBOURNE & PARKE LLP**
Attorneys for Petitioner
30 Rockefeller Plaza
New York, New York  10112
(212) 408-5100
Howard Seife (HS 7995)
Thomas J. McCormack (TM 5739)
Francisco Vazquez (FV 1244)
Andrew Rosenblatt (AR 9904)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                                       :
                                                             :
Petition of Eduard K. Rebgun, as Receiver of                 :  In a Case Under Chapter 15
YUKOS OIL COMPANY,                                           :  of the Bankruptcy Code
                                                             :
                                                             :  Case No. 06-B-10775-RDD
Debtor in a Foreign Proceeding.                              :
------------------------------------------------------------ x

## MOTION TO CLOSE CHAPTER 15 CASE

Eduard K. Rebgun (the "Petitioner"), as Receiver of OAO Yukos Oil Company, a Russian company which was declared bankrupt ("Yukos Oil"), through his United States counsel, Chadbourne & Parke LLP, respectfully submits this motion (the "Motion") for an order closing the above-captioned Chapter 15 case (the "Chapter 15 Case").  In support of the Motion, the Petitioner respectfully states as follows:

### PRELIMINARY STATEMENT

In April 2006, the Petitioner commenced the Chapter 15 Case seeking recognition of Yukos Oil's receivership insolvency proceeding in the Russian Federation and for implementation of orders of the Arbitrazh Court (as defined below).  One of the objectives

of the Chapter 15 Case was the preservation of Yukos Oil's assets located outside of Russia, specifically Yukos Oil's interests in AB Mazeikiu Nafta ("Mazeikiu Nafta"), a Lithuanian refinery. The Petitioner has completed the liquidation of the assets of Yukos Oil and the Russian bankruptcy case was closed on November 12, 2007. Consequently, the Petitioner no longer requires assistance from this Court in aid of the Russian foreign proceeding and the Chapter 15 Case should be closed.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2. Venue is properly located in this District pursuant to 28 U.S.C. § 1410.

## BACKGROUND

A. <u>The Russian Receivership Proceeding</u>

3. Yukos Oil is a joint stock company organized under the laws of the Russian Federation. On March 6, 2006, a consortium of banks filed a bankruptcy application (the "Application") against Yukos Oil with the Arbitrazh Court for the City of Moscow (the "Arbitrazh Court").[1] By a ruling issued on March 28, 2006, the Arbitrazh Court recognized the

---

[1] The factual information contained in this section is set forth in greater detail in the Status Report dated August 7, 2006 filed in the Chapter 15 Case.

Application as substantiated and ordered the appointment of the Petitioner as the interim receiver of Yukos Oil.

4. In July 2006, the Petitioner convened a meeting of creditors (the "Creditors' Meeting") that took place at Yukos Oil's office in Moscow. During the Creditors' Meeting, creditors holding 93.87% of the total amount of claims voted in favor of a liquidation of Yukos Oil. The creditors also voted to have the Petitioner appointed as the Receiver in the liquidation of Yukos Oil. Following the vote, a creditors' committee (the "Creditors' Committee") consisting of seven members was formed.

5. On August 1, 2006, a hearing was held before the Arbitrazh Court and the Court adopted the creditors' recommended course of action and formally ordered Yukos Oil's liquidation under receivership proceedings. At the hearing, the Arbitrazh Court also appointed the Petitioner as Receiver of Yukos Oil charged with administering the liquidation and overseeing the sale of the assets of Yukos Oil.[2]

B. The Chapter 15 Case

6. At the time the Russian receivership proceeding was commenced, certain former managers of Yukos Oil (including Messrs. Godfrey and Misamore) were in the process of selling Yukos Oil's interest in Mazeikiu Nafta held through Yukos Oil's Dutch subsidiaries, Yukos Finance B.V. ("Yukos Finance") and Yukos International U.K. B.V. ("Yukos

---

[2] In accordance with Section 1 of Article 129 of the Russian Federation Law No. 127-FZ of October 26, 2002 on Insolvency (Bankruptcy) (the "RF Bankruptcy Law"), the Petitioner acted as the executive officer of, and on behalf of, Yukos Oil. He was primarily responsible for marshalling Yukos Oil's assets, appraising Yukos Oil's property and preparing proposals for the sale of Yukos Oil's assets, sales that were ultimately approved by the Creditors' Committee.

International"). Yukos Finance was a direct, wholly owned subsidiary of Yukos Oil and the shares in Yukos Finance (the "Yukos Finance Shares") comprised a significant asset of the bankruptcy estate. The Petitioner asserted that such an attempted sale of Yukos Oil's interest in Mazeikiu Nafta was in direct contravention of orders that were issued by the Arbitrazh Court.[3]

7. On April 13, 2006, the Petitioner commenced the Chapter 15 Case to, among other things, preserve Yukos Oil's assets located outside of Russia for the benefit of the estate. In this regard, the Petitioner requested a temporary restraining order enforcing the Arbitrazh Court's orders in the United States.

8. On April 13, 2006, the Bankruptcy Court entered a temporary restraining order, which, consistent with the terms of the Arbitrazh Court's orders, enjoined Yukos Oil and its management from entering into certain transactions, including, without limitation, a sale of Yukos Oil's ownership interest in Mazeikiu Nafta, absent the Petitioner's consent.

9. After several hearings, the parties to the Chapter 15 Case negotiated the terms of a consensual order ultimately entered by the Bankruptcy Court on May 26, 2006 (the "May 26 Order") that resolved the issues regarding the Mazeikiu Nafta sale and the treatment of the sale proceeds. Subsequent to the May 26 Order, this Court has not issued any orders in the Chapter 15 Case addressing substantive matters.

---

[3] Upon application by the Petitioner, the Arbitrazh Court issued an order imposing protective measures with respect to Yukos Oil aimed at preserving its assets (the "Injunctive Relief Order"). Pursuant to the Injunctive Relief Order, Yukos Oil and its officers and managers were prohibited from entering into certain transactions without the Petitioner's consent. On April 25, 2006, the Petitioner sought and obtained a further order of the Arbitrazh Court clarifying the Injunctive Relief Order.

C.  Status of the Russian Receivership Proceeding

10. During the course of the Russian receivership proceeding, the Petitioner (with the approval of the Creditors' Committee) organized the sale of all of the assets of Yukos Oil. In particular, on August 15, 2007, an auction was held for the Yukos Finance Shares and a sale and purchase agreement was subsequently executed between the Petitioner and the winning bidder. The purchase price for the Yukos Finance Shares in the amount of approximately $308 million was paid by the winning bidder and, subsequently, formed a part of the bankruptcy proceeds. These proceeds were later distributed by the Receiver among Yukos Oil's creditors during the receivership proceedings. As a matter of Russian law, this sale was performed in compliance with applicable legal requirements. However, the authority of the Receiver with respect to the Yukos Finance Shares has received differing treatments by the courts in the Netherlands.

11. During various Dutch proceedings there were differing approaches by the Dutch courts to recognition of Mr. Rebgun's authority. Thus, the Dutch trial court in its judgment issued August 11, 2006, with respect to an action initiated by Messrs. Godfrey, Misamore and Yukos Finance against Mr. Rebgun,[4] ruled that: "under Dutch law, a foreign receiver has authority to act in that capacity in the Netherlands. Contrary to the arguments put forward by Yukos Finance, the principle of territoriality does not bar Rebgun, as a foreign receiver, from exercising voting rights on the shares in Yukos Finance." This judgment was upheld by the Court of Appeal on May 24, 2007.

---

[4]  The claimants challenged the recognition of Mr. Rebgun's authority as Receiver in the Netherlands.

5

12. Notwithstanding the above judgments of the Dutch courts, in a more recent judgment dated October 31, 2007, in an action initiated by Messrs. Godfrey et al. against Mr. Rebgun et al., the District Court in Amsterdam declared that "all shareholders' resolutions with regard to Yukos Finance, insofar as they are taken by Rebgun in his capacity as receiver of Yukos Oil . . . are void." This conclusion was made by the Dutch court on the basis that "the Russian decision of bankruptcy in which Rebgun was appointed receiver in the bankruptcy of Yukos Oil has come into being in a manner that violates the Dutch principles of due process and as a result is also in violation of Dutch public order."

13. The liquidation of the assets of Yukos Oil has generated an estate totaling approximately 867 billion Russian Roubles (approximately U.S. $34 billion). The Petitioner is not aware of any other assets that may be liquidated for the benefit of Yukos Oil and its estate. The process for resolving claims within the bankruptcy proceedings has been concluded. Accordingly, the Arbitrazh Court at the hearing on November 12, 2007 considered the report of the Receiver on the results of the receivership proceeding and issued a ruling approving the completion of the receivership proceeding and, consequently, the bankruptcy case of Yukos Oil (which ruling under Russian law takes immediate effect).

**RELIEF REQUESTED**

14. The Petitioner seeks the entry of an order substantially in the form attached hereto as Exhibit "A," closing the Chapter 15 case without prejudice. The Petitioner respectfully submits that such relief is available pursuant to section 1517(d) of the Bankruptcy Code.

15. Section 1517(d) of the Bankruptcy Code provides that "[a] case under this chapter may be closed in the manner prescribed under section 350." 11 U.S.C. §1517(d). Pursuant to section 350 of the Bankruptcy Code, a bankruptcy case may be closed "[a]fter an estate is fully administered." 11 U.S.C. § 350(a). Pursuant to section 350(b) of the Bankruptcy Code, the closing of the Chapter 15 case should be subject to reopening for cause. 11 U.S.C. § 350(b) ("A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.").

16. Here, the Petitioner has liquidated all of the assets of Yukos Oil and the Russian receivership proceeding has closed on November 12, 2007. Thus, as of November 12, 2007, the estate of Yukos Oil has been fully administered.

17. Given the status of the Russian receivership proceeding, the Petitioner does not anticipate any further need for assistance from this Court. Indeed, upon the termination of the Russian receivership proceeding, there is no longer a "foreign proceeding," as defined under section 101(23) of the Bankruptcy Code. Moreover, upon termination of the receivership proceeding, the Petitioner's authority to act as Receiver of Yukos Oil has ceased pursuant to Section 2 of Article 127 of the RF Bankruptcy Law. Therefore, upon termination of the receivership proceeding, the Petitioner is no longer a "foreign representative" as defined under section 101(24) of the Bankruptcy Code. Accordingly, it is appropriate to close the Chapter 15 Case.

18. If, however, subsequent to the closing of the Chapter 15 Case, a foreign representative, if any, requires assistance from this Court in connection with the Russian receivership proceeding, it should not be precluded from seeking such future assistance.

Accordingly, the closing of the Chapter 15 Case should be without prejudice to the right of a foreign representative to seek an order reopening the Chapter 15 Case pursuant to section 350(b) of the Bankruptcy Code. Closing of the Chapter 15 is appropriate, because (i) the foreign proceeding has been terminated, (ii) the authority of the Petitioner, as the foreign representative, has also been terminated, and (iii) the Petitioner is no longer seeking assistance in the United States in connection with the foreign proceeding. Except for this Motion, there is no outstanding request for relief in the Chapter 15 Case.

## MEMORANDUM OF LAW

19. This Motion does not raise any novel or complex issues of law and includes citations to the applicable authorities and a discussion of their application to the Motion. Accordingly, the Petitioner respectfully submits that such citations and discussion satisfy the requirement that the Petitioner submit a separate memorandum of law in support of this Motion pursuant to Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York.

## NO PRIOR REQUEST

20. No prior motion for the relief requested herein has been made by the Petitioner to this or any other Court.

## **CONCLUSION**

WHEREFORE, the Petitioner respectfully requests that this Court grant the relief requested herein and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 12, 2007

                              **CHADBOURNE & PARKE LLP**

                              By: */s/ Howard Seife*
                                  Howard Seife (HS 7995)
                                  Member of the Firm
                                  Attorneys for the Petitioner
                                  30 Rockefeller Plaza
                                  New York, New York 10112
                                  (212) 408-5100